W. SHARP, J.,
concurring specially.
Duncan appeals from his judgment and sentences for delivery of cocaine and possession of cocaine. He argues the trial court •erred in denying defense counsel’s request for sanctions (the exclusion of two state witnesses’ testimony) because of a violation of the rule of sequestration. There is no error in this case.
*414 The key fact issue at trial was the identification of Duncan as the seller and possessor of the drugs sold to two police undercover agents, who testified at trial. Officer Dossett viewed the videotape made at the time of the drug purchase, but could not identify Duncan as the seller. However, he testified the seller had a large rhinestone earring in his ear. Officer Devlin also did not recognize Duncan as being the seller on the videotape.
However, Officer Dossett showed a copy of the videotape to police Sergeant McCrimon, who has been a police officer in Kissimmee (where the drug buy took place) for 23 years. He identified the seller as Duncan, and when Duncan was arrested the next day, he was wearing a rhinestone earring.
Sergeant McCrimon testified he initially viewed the videotape at the request of Officer Dossett. When asked at trial whether that was the same tape he had been shown by Officer Dossett, McCrimon responded “no sir, it’s not.” The prosecutor then said he needed to talk with Officer Dossett.
During a recess, McCrimon and Dossett viewed the videotape with the prosecutor. Defense counsel claimed this was a violation of the rule of sequestration, and requested that neither witness be allowed to testify. The trial court ruled the parties were attempting to ascertain whether the correct tape or the correct part of the tape had been played. At the trial, McCrimon later explained his “no” answer on the ground he had not recalled the part of the tape which was being shown in the courtroom, but after viewing it during recess he saw the part on which he had based his identification. It was the same tape.
The purpose of the rule of sequestration is to avoid a witness coloring his or her testimony by hearing the testimony of another, thereby discouraging fabrication, inaccuracy and collusion. Knight v. State, 721 So.2d 287 (Fla. 1998). Enforcement of the rule is a matter for the trial court’s discretion and the rule should not be enforced in- such a manner that it produces injustice. Lott v. State, 695 So.2d 1239 (Fla.), cert. denied, — U.S.-, 118 S.Ct. 452, 139 L.Ed.2d 387 (1997); Wright v. State, 473 So.2d 1277 (Fla. 1985), cert. denied, 474 U.S. 1094, 106 S.Ct. 870, 88 L.Ed.2d 909 (1986); Odom v. State, 403 So.2d 936 (Fla. 1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). Before a witness’ testimony should be excluded on- the ground that the sequestration rule was violated, the trial court must determine whether the witness’ testimony was affected by other witnesses’ testimony to the extent that it substantially differed from what it would have been had the witness not heard the testimony. The court should also consider whether the violation of the rule was intentional or inadvertent and whether it involved bad faith on the part of the witness, a party or counsel. Wright; Steinhorst v. State, 412 So.2d 332 (Fla. 1982).
The record supports the trial court’s conclusion that the two witnesses’ discussion of the videotape was merely an attempt to ascertain whether the correct tape had been played in the courtroom and was not for the purpose of comparing, bolstering or changing their testimony.